LEO GETZOFF, PLAINTIFF-APPELLEE, v. VON LENGERKE BUICK COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted May 15, 1936—Decided September 24, 1936.

Before Justices BODINE and HEHER.

For the defendant-appellant, *Chivian & Chivian* (*Herman Chivian*).

For the plaintiff-appellee, *Cohn & Kohlreiter* (*Peter Cohn*).

PER CURIAM.

Defendant appeals from a judgment in favor of the plaintiff who purchased from it, a dealer, a new Pontiac sedan under a conditional sales contract. The contract provided as follows: "No warranties, expressed or implied, representations, promises or statements have been made by the seller unless endorsed hereon in writing."

The case was tried in the District Court without a jury. The state of the case, as settled, indicates that recovery was predicated upon the alleged breach of an implied warranty. The testimony received indicated that the car was defectively constructed. The parties having agreed that the written contract contained the terms of their bargain, evidence, to support recovery on the theory of an implied warranty of fitness, was inadmissible. It seems that the error was sufficiently raised in the court below and in the specifications before us.

Judgment is reversed.